(107 So. 44)

**BROTHERHOOD OF RAILWAY & STEAM-SHIP CLERKS, FREIGHT HANDLERS, EXPRESS & STATION EMPLOYEES v. RIGGINS. (6 Div. 527.)**

(Supreme Court of Alabama. Dec. 10, 1925.)

1. **Insurance** ⬤➾688 — Statute requiring all matters as to contracts of insurance to be expressed in policy held inapplicable to fraternal organization (Code 1923, § 8371).

Code 1923, § 8371, providing that all matters as to contracts of insurance shall be plainly expressed in policy, *held* inapplicable to fraternal organization issuing benefit certificates.

2. **Insurance** ⬤➾723(2) — Warranties to preclude recovery under benefit certificate must be material (Code 1923, §§ 8364, 8507).

Since Code 1923, § 8507, applicable to insurance issued by fraternal organizations, and section 8364, applicable to ordinary insurance, were enacted to relieve against hardships arising from strict enforcement of common law as to warranties, warranties in application for benefit certificate issued by fraternal organizations to preclude recovery must be material, such as to increase risk of loss.

3. **Evidence** ⬤➾14—Some diseases, such as tuberculosis and consumption, of such known incurability and fatal character as are known to all men.

While ordinarily what disease or sickness may be material to risk of loss assumed under benefit certificate of fraternal organization may present jury question, some diseases, such as tuberculosis or consumption, are of such character as are known to all men.

4. **Insurance** ⬤➾825(2)—Evidence that insured at time of application had spinal tuberculosis held to require general affirmative charge for defendant in suit on death benefit certificate.

Where, in action on benefit certificate of fraternal organization, issued upon condition that all statements contained in application should form part of contract of insurance, it appeared that insured, at time of making application, was suffering from tuberculosis of the spine, and had previously had treatment therefor, but stated in application that he was in general good health, *held* that general affirmative charge for defendant was improperly refused.

5. **Insurance** ⬤➾724(2) — Fraternal organization, issuing death certificate to member afflicted with spinal tuberculosis, held not estopped from insisting on warranty of insured that his general health was good, by knowledge that he had curvature of spine.

That applicant for insurance, suffering from tuberculosis of the spine at time of issuance of death benefit certificate, was a hunchback, *held* insufficient to estop fraternal organization issuing policy from insisting on warranty of insured that his general health was good.

Certiorari to Court of Appeals.

Petition of the Brotherhood of Railway & Steamship Clerks, Freight Handlers, Ex-press & Station Employees for certiorari to the Court of Appeals to review the judgment and decision of that court in Brotherhood, etc., v. Riggins, 107 So. 43. Writ granted.

Nesbit & Sadler and Evans Dunn, all of Birmingham, for petitioner.

The insured breached the warranty in his application, rendering the policy void. United, etc., v. Baker (Tex. Civ. App.) 141 S. W. 541; Modern Brotherhood v. Jordan (Tex. Civ. App.) 167 S. W. 794; Supreme Ruler, etc., v. Hansen (Tex. Civ. App.) 153 S. W. 351; Murphy v. Prudential Ins. Co., 55 A. 19, 205 Pa. 444; Jeffrey v. United Order, 53 A. 1102, 97 Me. 176; Brown v. Greenfield Ass'n, 53 N. E. 129, 172 Mass. 498.

Barber & Barber, of Birmingham, opposed.

In order to avoid the policy the statement of the assured must have been made with intent to deceive, or the misrepresented matter have increased the risk of loss. These questions were for the jury. Sov. Camp v. Craft, 94 So. 831, 208 Ala. 467; Id., 99 So. 167, 210 Ala. 683; Providence Co. v. Pruett, 37 So. 700, 141 Ala. 688; Empire Life Ins. Co. v. Gee, 55 So. 166, 171 Ala. 435; Ala. Co. v. Johnston, 2 So. 125, 80 Ala. 467, 59 Am. Rep. 816. The insurer waived and acquiesced in the misrepresentation by accepting premiums through agents who knew of the infirmity. Nat. Union v. Sherry, 61 So. 944, 180 Ala. 627; Syndicate Ins. Co. v. Catchings, 16 So. 46, 104 Ala. 176.

GARDNER, J. Petition for writ of certiorari to review the ruling of the Court of Appeals in affirming a judgment against petitioner in favor of Blanton Riggins in a suit on a death benefit certificate issued on the life of Roy Riggins. in which said Blanton Riggins, the father of insured, was named the beneficiary.

The only question presented was the action of the trial court in refusing the general affirmative charge requested by the defendant.

The defendant (to so designate petitioner here) is a fraternal organization, and issued death benefit certificates to its members. Roy Riggins, a member of the order, made due application in writing to the death benefit department for the issuance of such certificate. In this application, in answer to the inquiry, he stated that his general health was good, and it was agreed therein that all statements and answers contained in the application shall form a part of the contract between the applicant and the death benefit department, and "are hereby warranted to be true, and that the certificate issued thereon is to be accepted upon the condition that, if any of the answers are untrue, then such certificate shall be null and void, and membership

in the said death benefit department, together with all right to any benefit therein, shall be forfeited." •

[1] The certificate of insurance issued refers to the application, and discloses that it was issued upon the statements and warranties therein contained. The defendant being a fraternal organization, its contract did not come within the influence of section 8371, Code 1923 (section 4579, Code 1907), and hence the requirement of said section, that all matters as to such contracts shall be plainly expressed in the policy issued, is without application. Supreme Ruler, etc., v. Darwin, 79 So. 259, 201 Ala. 687. It was without dispute that,. at the time of the application for insurance, and for a long time prior thereto, the insured was suffering from tuberculosis of the spine, and had been under treatment for that disease, and that such affliction was a disease which adversely affected a person as an insurance risk.

It is insisted that the statement in the application that insured's general health was good constituted under the undisputed proof, a breach of warranty rendering the policy void. It is not seriously questioned that this statement, under all the circumstances here shown, constituted a warranty and not merely a representation. Kelly v. Life Ins., etc., Co., 21 So. 361, 113 Ala. 453; Empire Life Ins. Co. v. Gee, 55 So. 166, 171 Ala. 435; Ala. G. L. Ins. Co. v. Johnston, 2 So. 125, 80 Ala. 467, 59 Am. Rep. 816; Mut. Life Ins. Co. v. Mandelbaum, 92 So. 440, 207 Ala. 234, 29 A. L. R. 649; Travelers' Ins. Co. v. Whitman, 80 So. 470, 202 Ala. 388; 3 Joyce on Ins. § 1942 et seq.

[2] To relieve against the hardship arising from strict enforcement of the common law as to warranties, section 8507 of the Code of 1923 was enacted, applicable to insurance in organizations of this character, just as section 8364, Code of 1923, applies to the ordinary insurance contracts. Under the provisions of said section. 8507, therefore, the matter of warranty must be material, such. as increased the risk of loss. In the case of Modern Brotherhood of Am. v. Jordan (Tex. Civ. App.) 167· S. W. 794, the court said:

"A material risk is any previous affection which might reasonably have been considered a menace to the prolongation of the life of the insured, and that, had it been revealed, the application would have been rejected."

See, also, United B. Ass'n v. Baker (Tex. Civ. App.) 141 S. W. 541; Supreme Ruler, etc., v. Hansen (Tex. Civ. App.) 153 S. W. 351.

[3] While ordinarily what disease or sickness may be considered material to the risk may present a jury question (Empire Life Ins. Co. v. Gee, supra), yet there are some diseases of- such known incurability and fatal character as would be known to all men, nonprofessional as well as medical men, to be material to the risk of insurance. Tuberculosis or consumption is held to be one of these diseases. Brown, Adm'x, v. Greenfield Life Ass'n, 53 N. E. 129, 172 Mass. 498; Modern Brotherhood, etc., v. Jordan, supra.

[4, 5] The insured, from the undisputed proof, as disclosed by the opinion of the Court of Appeals, was suffering from this disease at the time of his application, and had been previously under treatment therefor. The statement, warranted to be true, that his general health was good, was not true, and there was a breach of the warranty invalidating the contract. The authorities herein cited disclose that whether tuberculosis was the primary or secondary cause of the death of insured was immaterial. It is not pretended that the defendant was aware of the disease with which the insured was suffering, and, indeed, the ruling of the court is not based upon any question of waiver or estoppel. We think it clear the mere fact that insured was known to be what is called a "hunchback" would not suffice for such purpose.,

·Had the question related to one of fraudulent representations, the case of Mass. Mut. Life Ins. Co. v. Crenshaw, 70 So. 768, 195 Ala. 263, would have been pertinent, but the question was not that of fraud, but of breach of the warranty, to which the applicable authorities have been cited.

It results that in our opinion the Court of Appeals erred in its ruling. The writ will be awarded, and the judgment reversed, and the cause remanded to that court for further proceedings therein in conformity to the views here expressed.

Writ awarded; reversed and remanded.

All the Justices concur.