148 So. 121

## METROPOLITAN LIFE INS. CO. v. DIXON.
### 6 Div. 309.

Supreme Court of Alabama.
April 13, 1933.

Rehearing Denied May 18, 1933.

Cabaniss & Johnston, of Birmingham, and Huey, Welch & Stone, of Bessemer, for appellant.

Ross, Bumgardner, Ross & Ross, of Birmingham, for appellee.

GARDNER, Justice.

Plaintiff is the named beneficiary in the insurance policy of date June 15, 1931, upon which this suit is founded, insuring the life of his wife, Maggie Dixon, who died on November 19, 1931. The attending physicians at her last illness give the cause of her death as chronic myocarditis and nephritis; the former an enlargement of the heart, and the latter a diseased condition of the kidneys, commonly called "Bright's Disease." Both are serious diseases, which will shorten life, and the doctors treating her state they will kill and are considered incurable. There was no proof to the contrary.

Dr. Gwin, defendant's examining physician, made what he calls a superficial examination, and did not discover the presence of these diseases, but states he made no examination of the kidneys, and did not know whether or not insured at the time of the issuance of the policy had nephritis. "I could not have told whether or not she was suffering with it (nephritis) at the time I examined her in May, 1931, not from the examination I made." And as to the heart trouble, he states he could have discovered it in a late stage, but "could not in an early stage."

It is without dispute that insured was a pa-

604

tient in the Bessemer General Hospital from January 4, 1930, to January 15, 1930, under the treatment of Dr. Colquitt, who testifies that she was suffering from chronic myocarditis and chronic interstitial nephritis and also hypertension, commonly called high blood pressure, which, it may be added, was also one of the symptoms at her last sickness.

The testimony of plaintiff's witnesses is corroborative of insured's treatment at the hospital, as above indicated, though they were not informed as to the nature of her illness, and they testify she appeared to be in good health and did her usual domestic work after returning from the hospital. When insured left the hospital, Dr. Colquitt states she was improved, but not cured, and Dr. Waldrop, also one of the insured's attending physicians at her last illness, states that, if insured had those diseases in January, 1930, "and that condition also existed in November 1931, * * * it is reasonable to suppose that she had it right straight along, in my opinion."

As to whether or not, considering Dr. Gwin's testimony in connection with all other proof, a jury question was presented as to insured's good health when the policy was delivered, it is unnecessary to decide, for the reason that, in our opinion, under the issues presented on pleas 8, 10, and 14 (all other pleas aside and unconsidered), the defendant was clearly entitled to the affirmative charge requested.

Plea 14 deals with the representations in the application to the effect that insured had never been under treatment in a hospital, and pleas 8 and 10 with provisions in the policy limiting liability to a return of the premiums in the event insured has been within two years next preceding afflicted with disease of the heart or kidney (and) or treated by physicians for any serious disease, as is set forth in plea 10. No objections were interposed to these pleas and issue taken thereon. They were proved without dispute.

Insured had in January, 1930, been treated in the hospital for serious heart and kidney trouble, each disease tending to shorten life. As said in Brotherhood of Railway, etc., v. Riggins, 214 Ala. 79, 107 So. 44, 45: "A material risk is any previous affection which might reasonably have been considered a menace to the prolongation of the life of the insured, and that, had it been revealed, the application would have been rejected." And as to the misrepresentations it has been said: "they need not be the sole inducement to the contract, nor the chief influence leading to

action. It is enough if, as a contributory influence, they operate upon the mind and conduct of the other party to any material extent." Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307, 310.

Certainly the statement in the application that insured had not been in a hospital, nor treated by physicians for any serious disease or complaint, was calculated to mislead; nor can it be questioned that information thereof would have affected the conduct of the insurer to a very material extent.

The cases of Sovereign Camp, W. O. W., v. Rowe, 225 Ala. 336, 143 So. 171, and Independent Life Ins. Co. v. Carroll, 219 Ala. 79, 121 So. 88, cited by plaintiff's counsel, are widely different in the facts from the instant case, and nothing therein can be said to militate against the conclusion here reached.

Here the mentioned pleas are established by uncontroverted proof. There is nothing to the contrary. Dr. Colquitt states emphatically and positively the diseases with which insured was suffering when in the hospital in 1930, the same diseases, on account of which her attending physicians state she died; and we find nothing upon which to base a conflict. Liberty National Life Ins. Co. v. Tellis (Ala. Sup.) 146 So. 616;[1] National Life & Acc. Ins. Co. v. Puckett, 217 Ala. 110, 115 So. 12; Metropolitan Life Ins. Co. v. Usher, ante, p. 314, 146 So. 809; Prudential Life Ins. Co. v. Calvin (Ala. Sup.) 148 So. 837.

The validity and binding effect of the policy provisions and representations in the application are not here questioned, nor is there here presented any question of waiver, as expressly stated in brief for appellee. Metropolitan Life Ins. Co. v. Chambers (Ala. Sup.) 146 So. 524;[2] First National Life Ins. Co. v. Rector, 225 Ala. 116, 142 So. 392; Commonwealth Life Ins. Co. v. Wilkinson, 23 Ala. App. 561, 129 So. 300; Champion v. Life & Casualty Co. (Ala. App.) 141 So. 363; Cotton States Life Ins. Co. v. Crozier, 216 Ala. 537, 113 So. 615; Independent Life Ins. Co. v. Butler, 221 Ala. 501, 129 So. 466.

The trial court erred in refusing the affirmative charge for reasons herein stated.

Let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

[1] Ante, p. 283.   [2] Ante, p. 192.