149 So. 873

# MUTUAL LIFE INS. CO. OF NEW YORK v. MANKIN.

## 7 Div. 922.

Court of Appeals of Alabama.
May 23, 1933.

Rehearing Denied June 30, 1933.

O. R. Hood, of Gadsden, S. M. Bronaugh, Kingman C. Shelburne, and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Culli & Culli, of Gadsden, for appellee.

RICE, Judge.

This is the second appeal in this case; the trials, in both instances, resulting in a judgment in favor of appellee (plaintiff in the court below). We do not find that on the second trial, from the judgment in which this appeal is prosecuted, either the issues or the evidence differed materially from those upon the first trial. A satisfactory outline of both may be found in the report of the decision of our Supreme Court on the first appeal. See Mutual Life Ins. Co. of N. Y. v. Mankin, 223 Ala. 679, 138 So. 265.

The defendant (appellant) was not entitled to have given at its request any of the variously phrased general affirmative charges, etc. Mutual Life Ins. Co. of N. Y. v. Mankin, supra.

So far as we can see, every question presented by the several assignments of error now urged as a basis for the reversal (sought) of the judgment here appealed from has been, upon the first appeal referred to, adjudicated adversely to appellant's contention by the Supreme Court; with the single exception of that raised by the ruling giving rise to its present assignment of error No. 9. This assignment is in the following language: "* * * The court erred in sustaining the objection of the plaintiff to the introduction in evidence of the third paragraph, beginning on page 281, of the book styled 'The Principles and Practice of Medicine' by Sir William Osler, Eighth Edition, published in 1918, which paragraph is in words and figures as follows: 'Syphilis and Life Insurance: An individual with Syphilis cannot be regarded

502

as a first class risk unless he can furnish evidence of prolonged and thorough treatment and of immunity for two or three years from all manifestations. Even then, when we consider the extraordinary frequency of the cerebral and other complications in persons who have had this disease and who may even have undergone thorough treatment, the risk to the company is certainly increased.' "

Waiving as unnecessary to our decision any question as to the abstract law of evidence, in our state, that may be suggested by the ruling made the basis of this quoted assignment of error, we hold that in this case, it did not constitute prejudicial error, for two reasons:

In the first place, just prior to offering in evidence the quoted excerpt from the book mentioned, by Sir William Osler, appellant had offered—and it had been admitted, over appellee's objection—the entire book: The whole certainly included all its parts; therefore there was no occasion to "offer" the excerpt.

But in the next place we think the ruling mentioned innocuous, because it is now, we believe, known to all men that syphilis, in the absence of treatment, certainly, is such a disease that one suffering therewith is a vastly poorer life insurance risk than one not so, or otherwise, equally suffering. What we mean is, that it is a fact, of which judicial knowledge is taken, that syphilis in an applicant—we were about to say always; but surely, where as here, it appears that said applicant (insured) was never treated, etc., and discharged as cured—is such a disease as, as a matter of law, "increase(s) the risk of loss" to the insurance company. Code 1923, § 8364.

Under the circumstances shown without dispute to obtain in this case, appellant might have well, had it chosen, required the court to charge the jury in writing that, if deceased (insured) was suffering with syphilis at the time he made the application for the policy sued on, or at the time same was delivered to him, the "risk of loss," etc., was thereby increased; and the other conditions as to falsity, etc., found by them to be in existence, with reference to his said statement—that he did not have, had not had, etc., said disease, —that their verdict must be (or have been) in favor of appellant. See Code 1923, § 8364, supra; Brotherhood of Railway & Steamship Clerks, etc., v. Riggins, 214 Ala. 79, 107 So. 44; Modern Brotherhood of Am. v. Jordan (Tex. Civ. App.) 167 S. W. 94; also Louisiana State Life Ins. Co. v. Phillips, 223 Ala. 5, 135 So. 841. Hence the proffered "excerpts," etc., constituted immaterial evidence.

We find no prejudicial error in any of the rulings presented for our consideration, and the judgment is affirmed.

Affirmed.