GENERAL ACCIDENT, FIRE & LIFE ASSUR. CORPORATION, Ltd., v. JORDAN.

7 Div. 249.

Supreme Court of Alabama.
April 18, 1935.

Rehearing Withdrawn May 22, 1935.

Knox, Dixon, Dixon & Allen, of Talladega, for appellant.

Harrison & Stringer, of Talladega, for appellee.

FOSTER, Justice.

This is a suit on a policy of accident insurance.

The defendant interposed many special pleas, in most of which the defense relied on was some misrepresentation in the application made a part of the insurance contract. The court overruled demurrers to them all, except plea No. 40, and sustained demurrer to that plea.

Appellant, defendant, argues in respect to that plea (No. 40) that it is one showing confidential relations between them, in that appellee, plaintiff, was then an agent of defendant, of large experience in such matters, and that the agency created a higher degree of duty to disclose to defendant every matter which was material for defendant to know in passing upon the desirability of the risk, and that he knew what was considered material by defendant, and did not make a full and fair disclosure of all such facts, and made misrepresentations in his application which may not have been with the actual intent to deceive or increase the risk of loss, but which he was under the duty of a confidant to disclose and represent truly, thereby lulled the defendant, in dealing with his agent, into security and the issuance of the policy without the investigation which would have been made had he not been thus related.

This plea showed that the application contained a clause whereby appellant agreed that the falsity of a statement shall bar a recovery if made with intent to deceive or materially affects either the acceptance of the risk or the hazard assumed.

Giving plea 40 the construction which appellant's counsel have done in argument, we think it is subject to demurrer. If it alleges that such misrepresentations increased the risk of loss, or were made with the intent to deceive, as it so appears to us, since it adopts that part of plea No. 39, it was sufficiently covered in that plea on which issue was joined. We do not think the answer to the question by which plaintiff agreed that the falsity of any statement in his application shall bar a recovery if it is made with the intent to deceive, "or materially affects either the *acceptance of the risk*, or the hazard assumed by the corporation," has the effect of enlarging or in any manner changing the principle declared in section 8364, Code. Without the intent to deceive it is not enough that the misrepresentation shall be material in determining whether the policy shall be issued, and cannot be made so by contract, but it must go to the extent of increasing the risk of loss. In that respect our statute differs from that of Virginia considered in Union Indemnity Co. v. Dodd (C. C. A.) 21 F.(2d) 709, 55 A. L. R. 735, note page 742. We think that there was no prejudicial error in sustaining demurrer to plea No. 40.

The pleas (all except 40) were held good on demurrer. That means that the court ruled that they set up misrepresentations intrinsically material in passing on the application; and alleged that the insurer relied and acted on the statements contained in the application, and that they were made, as alleged in some, with the intent to deceive, and in others, that they increased the risk of loss.

Appellant insists that it was due to have its general affirmative charge given to the jury, or in the alternative that its motion for a new trial should have been granted. While the court, as a matter of law, may pass on the materiality of a misrepresentation, and sometimes also whether it increased the risk of loss, the general rule is that the question of intent is an inference of fact, and it is submitted to the jury when reasonable men may draw different conclusions. New York Life Ins. Co. v. Torrance, 228 Ala. 286, 153 So. 463. Likewise, whether it increased the risk of loss is for the jury if it is a reasonably debatable question. Brotherhood, etc., v. Riggins, 214 Ala. 79, 107 So. 44; Sov. Camp, W. O. W., v. Gibbs, 217 Ala. 108, 114 So. 915; Nat. Life & Accident Ins. Co. v. Baker, 226 Ala. 501, 147 So. 427.

But that question may sometimes be one for the court. Padgett v. Sov. Camp, W. O.

W., 218 Ala. 255, 118 So. 456; Sov. Camp, W. O. W., v. Harris, 228 Ala. 417, 153 So. 870.

Since issue was taken on the pleas, the materiality of the alleged misrepresentations is thereby admitted, but the degree of their materiality and their probable influence upon defendant in passing on the application, known to plaintiff, should affect the question for the jury of whether plaintiff intended to deceive. On that question, as well as whether they increased the risk of loss, we think defendant was not due the affirmative charge, since they were jury questions.

But though there may have been sufficient evidence to submit them to the jury in the first instance, their verdict is subject to review upon a consideration of the motion for a new trial. In considering that motion, we will now refer to the various special pleas and the evidence relating to the controversy made by them.

We do not think it is necessary to state the substance of each plea separately. The issues are:

(1) That a question (No. 12) in the application was misrepresented, in that he stated that his weekly earnings from his occupation exceeded the weekly indemnity under all policies, including that then applied for. The evidence of plaintiff (pages 117 and 398), as we interpret it, showed his earnings to be $300 a month, or approximately $75 a week. That he was repaid for his business expense is not, in our opinion, a part of his earnings. His weekly indemnity under all such policies was approximately $150, or twice as much as his earnings.

(2) That a question (No. 14) as to whether he had been declined for *life, accident,* or *health* insurance, or, in alternative, a question (No. 13) as to whether he had made an application for accident or health insurance on which he had not been notified of the company's action, were incorrectly answered.

The evidence on that issue is summarized as follows: Provident Life & Accident Insurance Company, pleas 4, 5, 34, and 35. In 1933 declined because he was agent of the company. In 1925 declined life policy without assigning reason. Jefferson Standard Life Insurance Company, pleas 6, 7, and 41. August 2, 1932, applicant notified matter postponed for him to get away from liquor habit, not further notified. In fact declined. Ætna Life Insurance Company, pleas 8 and 9. In March and April, 1922, application for disability insurance declined and he so informed.

Acacia Mutual Life Insurance Company, pleas 10 and 11. July, 1932, applied for life insurance with disability benefits. September, 1932, disability declined, but life offered, not accepted by plaintiff. Massachusetts Mutual Life Insurance Company, pleas 12 and 13. December 12, 1931, applied for new policy for disability benefits, and to add benefits to two existing policies. Company declined new policy but added benefits to the old policies. Continental Casualty Company, pleas 14, 15, 37, and 38. January 7, 1933, made application for life $10,000, with $50 weekly benefits, offered $1,000 life with $50 weekly benefits, declined by plaintiff.

(3) That question No. 14 was also incorrectly answered as to whether any life, accident, or health insurance had been canceled. The evidence showed one canceled on February 4, 1924, and another on September 29, 1916.

(4) That question No. 15 was incorrectly answered as to whether he had received indemnity for injury or illness. The evidence showed the following amounts so received:

From Pacific Mutual Life Insurance Company (page 226 et seq.):

| | | | | |
|---|---|---|---|---|
| Nov. 24, 1918, | for | influenza and pneumonia | $ 47.86 |
| June 29, 1922, | " | ptomaine poisoning | 12.14 |
| Jan. 10, 1923, | " | acute indigestion | 11.43 |
| Nov. 20, 1923, | " | infected toe | 19.28 |
| Jan. 11, 1924, | " | influenza | 18.57 |
| Apr. 2, 1925, | " | " | 8.57 |
| Oct. 14, 1927, | " | burned with acid | 19.28 |
| May 16, 1927, | " | influenza | 36.00 |
| June 18, 1927, | " | " | 2.57 |
| Dec. 26, 1928, | " | injury to left foot | 35.00 |
| Oct. 8, 1932, | " | auto accident | 10.00 |
| Nov. 15, 1932, | " | " " | 10.00 |
| Nov. 30, 1932, | " | sickness | 4.29 |
| Dec. 21, 1932, | " | " | 20.00 |
| | | | $255.10 |

From North American Accident Insurance Company (page 364):

| | | | |
|---|---|---|---|
| Dec. 3, 1923, | for | influenza | $36.66 |
| Jan. 18, 1924, | " | " | 86.66 |
| | | | $123.32. |

(5) That question No. 13 was incorrectly answered, in that instead of having only $140 accident or health insurance then outstanding in other companies, he had the following:

| | |
|---|---|
| Massachusetts Mutual | $110.00 |
| Citizens National | 40.00 |
| Mutual Benefit | 200.00 |
| New England Mutual | 50.00 |
| Pacific Mutual | 40.00 |
| | $440.00 |
| As answered: | 140.00 |

Excess of $300 over that as represented in the application.

All those issues were dependent upon whether the misrepresentations were made with the intent to deceive or increased the risk of loss.

■ The question of intent set up in the various pleas is affected by proof of the matter alleged in the other pleas said also to be with the intent to deceive. So that the question is not controlled by matter set up in any one plea disconnected from the others. The facts showing the intent in any plea need not be alleged. But evidence of a fraudulent intent has a wide range. Beatty v. Palmer, 196 Ala. 67, 74, 71 So. 422; Mann v. Darden, 171 Ala. 142, 54 So. 504; Blackwood v. Standridge, 212 Ala. 156, 102 So. 108.

It clearly appears that on February 11, 1933, plaintiff sustained a serious injury to his back and other parts of his body by slipping in his bathtub. The policy sued on provides for a weekly indemnity of $40, and expenses of treatment not exceeding $800. This occurred on the eleventh day after the date of the policy, and on the third day after its date had been corrected by authority of the general agent in Atlanta. On February 27th, after plaintiff was injured on the 11th, he furnished required proofs. On April 18th, a letter from the office in Philadelphia was written to plaintiff alleging that material misrepresentations were made by him in his application in regard to previous disabilities, medical attention, insurance history, and other matters.

Plaintiff was the agent of defendant at Sylacauga, and had been in the insurance business about twenty-four years, representing health, accident, and life insurance companies, as well as fire, tornado, and automobile insurance, and was familiar with the forms of application in use. The application was dated January 30, 1933, and the policy dated January 31, 1933. Plaintiff had known the general agent of defendant in Atlanta about four years, and was on friendly relations with him. His knowledge of what insurance companies consider material information to be stated in applications for such policies of insurance has important bearing upon his intent in misrepresenting such matters in his application.

■ When one's knowledge or information as to any question is material, the rule is that, at least on cross-examination, he may be questioned about it. Wefel v. Stillman, 151 Ala. 249 (9), 44 So. 203; Birmingham R.

& E. Co. v. Jackson, 136 Ala. 279 (2), 34 So. 994; Beale v. Posey, 72 Ala. 323.

This rule extends to the motives of a party when material. Hill v. State, 156 Ala. 3 (5), 46 So. 864; Williams v. State, 123 Ala. 39, 26 So. 521; Linnehan v. State, 120 Ala. 293 (3), 25 So. 6.

The questions referred to in assignments 21 to 29, some or all, inquire, on cross-examination of plaintiff, as to plaintiff's knowledge of whether defendant and other companies considered material in influencing them in issuing the policies the answers to the questions which are set out in the pleas, and to which we have referred as Nos. 12 to 19, respectively.

If the knowledge of plaintiff on that subject was material, we know of no principle which would exclude it. Plaintiff had testified to his long experience as an insurance agent. When he knows that accurate answers are deemed material by the company, his incorrect answers, when the facts are available to him, but not examined by him, tend to show an intent to deceive.

Plaintiff testified that he did not give a thought as to what disability clauses he had in life policies, such as the Massachusetts Mutual (pages 153, 196, 214); (but the Pacific Mutual had such a policy), that he did not get his policies and look up provisions to answer the questions; that he has over forty policies of his own; that it would be very difficult to remember them all.

Whether plaintiff stated what is a sufficient answer to defendant's questions shown in assignments 21 to 29, inclusive, need not be determined. We proceed to the question of whether the verdict of the jury for plaintiff on the allegation of intent to deceive, and the increase of the risk of loss, should have been set aside.

■ We think that such an accumulation of misrepresentations, with a knowledge of their materiality, has so great a combined force that the verdict ought to be vacated. Mutual Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649.

We do not think plaintiff can excuse himself by answering the questions from memory. The questions call for correct answers, and he so represents. He is not asked to state from memory but truly. He had the information available, but answered as true what his papers disclose was not correct. He did not go to the trouble to verify them by data at hand. He wrote the application answers, we presume, with deliberation in his office where he had his papers. They were certain-

ly available. We cannot approve a verdict for him under such circumstances.

We think that the compensation for the Pullman accident as set up in pleas 31 and 32 was not an indemnity in the meaning of question 15. 31 Corpus Juris, 419. There was no prejudice to defendant in the adverse rulings as to those pleas. Louisville & Nashville R. R. Co. v. Carter, 213 Ala. 393, 104 So. 754.

There was no misrepresentation in the application about plaintiff's financial condition. We think there was no error in excluding evidence of it, as offered by defendant.

We think that the reasons why the various companies declined plaintiff's application were incompetent when not communicated to him.

It is probably not necessary to consider other assignments which may not arise on another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.