## SOUTHERN STATES LIFE INS. CO. v. SLATEN et al.

8 Div. 628.

Supreme Court of Alabama.
April 18, 1935.

Rehearing Denied June 4, 1935.

Miller, Miller & Martin, of Chattanooga, Tenn., Street & Bradford, of Guntersville, and Thos. E. Orr, of Albertville, for appellant.

D. Isbell, of Guntersville, for appellees.

FOSTER, Justice.

Appellant was complainant in equity seeking to cancel a policy of insurance on the life of appellee, on the ground that, at the time it was delivered, insured was not in sound health, unknown to complainant, but had tuberculosis of one lung, and that it increased the risk of loss. There was a dispute about the date of the delivery of the policy, whether November 27, 1930, or January 9, 1931.

The burden was on complainant to show the unsoundness of health when the policy was delivered. That includes the date of delivery, since that was disputed. We think that complainant has not met the burden that it occurred on January 9th, rather than the preceding November 27th. The application was taken November 14th, the policy was written and mailed to the local agent on November 24th. The agent first testified it was delivered on November 27th, Thanksgiving Day, when there was a basketball game at which the agent was coach and played near where the insured lived, but later changed that, and said there was another such game so played January 9th, when it was delivered. There was much evidence of every sort on both questions. We think that since the receipt is dated November 27th, and there is much corroborative evidence that such is the true date, that should be accepted as correct.

Insured was a young married man about 26 or 27 years old. He made no misrepresentations in his application. He had not been sick or treated by a doctor since he was six years old. The agent testified that when he took the application and delivered the policy insured appeared well. The examining doctor found no trouble. But soon afterwards he contracted cold and flu, and on January 7th, he consulted a doctor (Dr. Harris), who pronounced it bronchitis, and gave him medicine, with direction to return. At that time he told Dr. Harris he had disability benefit insurance. In February he was no better. Dr. Harris was sick and sent him to Dr. Martin, who pronounced it tuberculosis. He had no X-ray nor microscopic examination of sputum, but judged by the use of a stethoscope, and external tests. He thought that he had an arrested spot that probably had existed twelve months.

There was much expert testimony by insured and Dr. Martin testified for complainant, insurer. It does appear that on January 7, 1931, insured had a bronchial trouble when he consulted Dr. Harris, and therefore was so affected on January 9th, which probably would have been noticed by the agent if he had delivered the policy on that day. He says (p. 22), "I could not see that he was sick a bit. I talked with him something like thirty minutes." Yet, on January 7th, he was treated for bronchitis by Dr. Harris, whom he then told of his insurance.

We think that a fair inference from the evidence is that after the policy was delivered on November 27th, he contracted flu and bronchitis, and it was so diagnosed on January 7th by Dr. Harris, and later in February as tuberculosis by Dr. Martin. But none of the tests were given by which it could be certainly told whether he had such a trouble. It is clear that he was, prior to November 27th, a strong, healthy, hard-working farmer, weighing about 165 pounds, with none of the symp-

toms of tuberculosis. The policy was solicited and urged by the agent.

At the time of his testimony in June, 1932, he was ill, and had not done any work. He probably had tuberculosis, but we think it was not shown that he had it or was not in sound health on November 27, 1930, when the policy was delivered. If such is the fact, that he soon afterwards contracted flu, which was a fertile field for tuberculosis, and in which it took effect, is no cause to cancel the policy. The purpose of insurance is protection, to take care of such unfortunate, but not unforeseen, occurrences.

There is a time when, being well, he became affected with disease. When was it? We think it may be fairly inferred that it occurred after the delivery of the policy. Certainly no one ever suspected such condition to exist prior to that date. Whether so or not is a subject of inference from all the circumstances. We do not think complainant has met the burden in that respect. Such was the decree of the trial court, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.