186 So. 123

**SOVEREIGN CAMP, W. O. W., v. MOORE.**

I Div. 13.

Supreme Court of Alabama.

Dec. 22, 1938.

Rehearing Denied Jan. 26, 1939.

158

. Lyons & Chamberlain and Daniel H. Thomas, all of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

BOULDIN, Justice.

A bill of exceptions duly presented within the ninety days required by law may, after the expiration of ninety days, and during the sixty days allowed for settling and signing the bill of exceptions, be corrected as to recitals of evidence or supplying omissions therein, at the instance of either party; but not by incorporating additional exceptions. In the latter case, we have held the bill of exceptions signed is not that presented within the time required by law, and must, on motion, be stricken. Tapia v. Williams et al., 172 Ala. 18, 54 So. 613; Illinois Cent. R. Co. v. Posey, 212 Ala. 10, 101 So. 644; Southern Wood Preserving Co. v. McCamey, 218 Ala. 201, 118 So. 393.

The record here discloses only the incorporation of evidence omitted from the original draft of the bill of exceptions. The motion to strike the bill of exceptions is overruled.

. This is the third appeal in this case. For former decisions, see Sovereign Camp, W. O. W., v. Moore, 232 Ala. 463, 168 So. 577, and Sovereign Camp, W. O. W., v. Moore, 235 Ala. 117, 177 So. 642.

Amended plea No. 5 was refiled on the last trial, and demurrer overruled. Thereupon, on motion of plaintiff, certain portions of the plea were stricken as irrelevant and immaterial. This plea in full, with the stricken portions italicized, appears in the report of the case.

While a motion to strike a pleading usually precedes the testing of same by demurrer, this rule has no application to a motion to strike irrelevant and immaterial matters incorporated in a plea.

Representations in applications for life insurance touching consultation with or treatment by a physician stand on the same footing as representations of good

health. It must appear they relate to some serious ailment material to the question of life expectancy. Metropolitan Life Ins. Co. v. Dixon, 226 Ala. 603, 148 So. 121; Sovereign Camp, W. O. W., v. Rowe, 225 Ala. 336, 143 So. 171; Sovereign Camp, W. O. W., v. Deese, 236 Ala. 85, 181 So. 274; 4 Couch on Ins. § 889, p. 3018.

■ Under our statute it is not essential that the matter misrepresented and warranted to be true must in fact have actually shortened the life of the insured. If the matter misrepresented increased the risk of loss is the language of the statute. The risk of loss is increased if the matter misrepresented be so material to the question of life expectancy that an insurer may have reasonably declined to accept the risk if the truth had been revealed. Sovereign Camp, W. O. W., v. Moore, supra; Sovereign Camp, W. O. W., v. Deese, supra; Sovereign Camp, W. O. W., v. Young, post, p. 288, 186 So. 453.

■ On direct examination of Dr. Cecil Ross, witness for defendant, admitted to be an expert, the following appears:

"I was the Doctor in Mobile for the Veteran's Administration. If I remember correctly I was on duty about six or seven years ending up in 1932 or 1933, and for six or seven years prior thereto. I knew Daniel Harris Verneuille during his lifetime. I examined him on numerous occasions. I examined him for the Veteran's administration, that is, made a complete Physical examination. I found he had a nervous disease which I diagnosed as hysteria-neurosis, which is a mental condition in which his nervous system is not well balanced.

"The witness was then asked the following question:

"As a result of your examination, did you certify him to the Veteran's Hospital in Tuscaloosa, Alabama? to which question the Plaintiff objected on the ground that it called for irrelevant, incompetent and immaterial testimony. The Court sustained plaintiff's objection and the defendant reserved an exception to the ruling of the Court.

"The witness then continued to testify:

"The disability which I found him suffering from, would incapacitate him. I examined him many times. I remember in 1928, if I recall correctly, I sent him to the hospital in 1928. During the various times I examined him for the Veteran's Administration his condition was about the same at all times."

As held in several cases some diseases are so serious as affecting the applicant as an insurance risk that, as matter of law, they are held to increase the risk of loss. Other ailments are so passing and temporary that they could not be material, and, as matter of law, not the basis of a defense of misrepresentation, under either alternative of our statute.

The disease disclosed by the foregoing evidence cannot, as matter of law, be assigned to either of these classes.

Whether this disease increased the risk of loss was a jury question.

■ We are of opinion the allegations of plea five touching the drawing of partial and total disability compensation in connection with the other allegations of the plea were not irrelevant and should not have been stricken.

■ The question propounded to plaintiff on cross-examination intended to show the drawing of such compensation should have been admitted.

■ The evidence of Dr. Ross showing treatment of the insured in the Veteran's Hospital should have been received.

■ We are not holding the admission of a veteran to the Veteran's Hospital, in the absence of evidence of the disease for which he is sent, would be evidence of disease increasing the risk of loss; nor that disability compensation, awarded by the Veteran's Administration, is, per se, evidence of a diseased condition affecting the veteran as an insurance risk. We do not think the courts can take judicial knowledge of the causes for which the administrative officers admit to the Hospital, nor for which disability compensation is awarded.

■ Legal evidence in court as to the matters affecting a policy of insurance is required. But here the plea and supporting evidence disclose a representation that the applicant had not consulted or been attended by a physician for any disease or infirmity; when, in fact, he had been. The nature of such disease and all the history of such examination and treatment were relevant as touching the breach of warranty presented in the plea. It was not essential to go into all these details in answering the inquiry in the application. A statement of the facts in such

brief form as to lead to further inquiry for details, if desired, would suffice. Sovereign Camp, W. O. W., v. Fischer, 236 Ala. 494, 183 So. 653.

The evidence touching the continuance of the policy in force by payment and tender of premiums; and the evidence touching a waiver of all other defenses presented issues for the jury. Sovereign Camp, W. O. W., v. Moore, supra.

For the errors mentioned the judgment is reversed and cause remanded.

Reversed and remanded.

GARDNER, FOSTER, and KNIGHT, JJ., concur.