193 So. 104

**NEW YORK LIFE INS. CO. v. HOFFMAN.**

**5 Div. 303.**

Supreme Court of Alabama.

Dec. 7, 1939.

Rehearing Denied Jan. 18, 1940.

Rushton & Rushton and J. M. Williams, Jr., all of Montgomery, for appellant.

E. Herndon Glenn, of Opelika, for appellee.

:650

GARDNER, Justice.

The suit is upon a life insurance policy issued by defendant company on the life of Murray B. Hoffman,—the policy bearing date November 5, 1930. Thirty days after November 5, 1936, the policy lapsed for non-payment of premium, and on application of insured was reinstated January 4, 1937. Insured died July 13, 1938.

In the application of December 31, 1936, for reinstatement of the policy was the following representation:

"2. Within the past two years have you had any illnesses, diseases, or bodily injuries or have you consulted, or been examined or treated by any physicians or practitioners? (If so, give full details, including nature, date, and duration of each illness, disease or injury, the name of each physician, or practitioner, and the dates of and reasons for consultation or treatment."

The case is of course confined to the general language of inquiry two, as distinguished from others more specific, as indicated in Metropolitan Life Ins. Co. v. Dixon, 226 Ala. 603, 148 So. 121, and other cases of like character.

■ The defense rested upon alleged misrepresentations made in this application for reinstatement, consisting in the main in the negative answer to the above noted question two. For the establishment of this defense the burden of proof rested upon defendant. Southern States Life Ins. Co. v. Slaten, 230 Ala. 493, 161 So. 485.

Defendant insists, in the first place, the proof sustains uncontradictorily its defense, and that the affirmative charge was its due.

In support of its plea, defendant offered proof tending to show the falsity of the answer to question two, in that insured had in fact been treated by his family physician, and by him sent to a hospital during the two year period preceding the date of his application for reinstatement for the dis-

ease of acute alcoholism and delirium tremens, and had been so treated in the hospital therefor within said period: all of which was intrinsically material to the risk of loss, and increased such risk of loss. Defendant also insists the proof sufficed to sustain its plea that such misrepresentations were made with actual intent to deceive. Among our own cases, defendant cites Mutual Life Ins. Co. of N. Y. v. Allen, 174 Ala. 511, 56 So. 568; New York Life Ins. Co. v. Horton, 235 Ala. 626, 180 So. 277; Sovereign Camp, W. O. W. v. Hutchinson, 214 Ala. 540, 108 So. 520; Miller v. Metropolitan Life Ins. Co., 214 Ala. 4, 106 So. 335; Brotherhood of Rwy. & Steamship Clerks, etc. v. Riggins, 214 Ala. 79, 107 So. 44; Metropolitan Life Ins. Co. v. Dixon, 226 Ala. 603, 148 So. 121; Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16.

Upon the holding of these authorities plaintiff takes no issue. But as to the cited authority of New York Life Ins. Co. v. Wertheimer, D.C., 272 F. 730, that with respect to a false statement made respecting a material matter the intent to deceive will be supplied, plaintiff does take issue.

■ Under our statute (section 8364, Code of 1923), the question of actual intent to deceive is usually one for the jury's consideration. Louisiana State Life Ins. Co. v. Phillips, 223 Ala. 5, 135 So. 841; Mutual Life Ins. Co. of N. Y. v. Mankin, 223 Ala. 679, 138 So. 265; General Accident, Fire & Life Assur. Corp. v. Jordan, 230 Ala. 407, 161 So. 240.

Much depends upon the facts of each particular case, as in Miller v. Metropolitan Life Ins. Co., 214 Ala. 4, 106 So. 335, cited by defendant, where insured was suffering with cancer, and had undergone an operation therefor, the conclusion was irresistible that the insured made false representations for the purpose of procuring the issuance of the policy, that he knew his answers were false, and but one intent—that to deceive—could be reasonably inferred. No such case is here presented.

■ In the first place, it appears a jury question whether or not insured in fact was suffering from any "disease" within the meaning of this inquiry. True, the testimony of defendant's witness Dr. Brawner sustains the view that insured was a "chronic alcoholic," and that his craving for alcohol came on periodically, —a condition which he denominates a disease. This witness further testified to

treatment of insured in March and December, 1936, for "chronic alcoholism," and subsequent treatment in 1937. His family physician, Dr. Coggins, noted the cause of insured's death on July 13, 1938, as "acute alcoholism," for which he had previously on several occasions given him treatment.

Dr. Coggins states insured was not a constant or habitual drinker, but an "occasional drinker"; that his health was good, without any serious or systemic illness or disease. "His health was good, and he looked like a physical giant, strong and robust,"—a statement well sustained by all the proof. He further stated that when he said he treated insured for alcoholism he meant he had too much alcohol in his system,—"just got a little too much." Dr. Coggins further testified that on December 31, 1936, insured was not "suffering from any disease that would increase the risk of insuring his life."

Some of insured's intimate acquaintances, with him at least once or twice a month, knew nothing of any hospitalization of insured or any serious alcoholism or delirium tremens, and knew him only as an occasional drinker, and as a robust, powerful man, apparently in normal health.

In Supreme Lodge, K. of P. v. Taylor, 24 So. 247, this Court, speaking to the meaning of the word "disease" in an insurance policy, said: "Drunkenness, in common and ordinary speech at least, is not a disease, but a habit." See, also, 37 Corpus Juris 464.

But, as we have observed, the testimony of Dr. Brawner indicates that the habit may become so fixed as to constitute, in his opinion, a disease.

Plaintiff's evidence tended to show occasional drunkenness, and nothing more. Insured, therefore, may have concluded his drunken sprees did not constitute a disease within the meaning of the inquiry, and it is clear enough, in any aspect of the case, his intent to deceive was for the jury's consideration. Such is the general rule. General Accident, Fire & Life Assur. Corp. v. Jordan, 230 Ala. 407, 161 So. 240.

We think sufficient reference has been made to the proof to show that the question as to whether or not insured had a disease that increased the risk of loss was likewise one for the jury's determination.

"The term 'disease' means more than a temporary disorder; it denotes a serious illness, which has impaired the constitution or left in its wake some organic or chronic effect undermining the general health." Independent Life Ins. Co. v. Butler, 221 Ala. 501, 129 So. 466, 469; Life Ins. Co. v. Mann, 28 Ala.App. 425, 186 So. 583, certiorari denied 237 Ala. 253, 186 So. 586. "As held in several cases some diseases are so serious as affecting the applicant as an insurance risk that, as matter of law, they are held to increase the risk of loss" (Sovereign Camp, W. O. W. v. Moore, 237 Ala. 156, 186 So. 123, 125), as illustrated by New York Life Ins. Co. v. Horton, 235 Ala. 626, 180 So. 277, and a number of authorities cited in Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524.

But we do not understand it to be seriously contended that the proof as above outlined brings the case within the influence of these authorities. Indeed, the testimony of the two physicians appears to present a conflict as to whether or not insured's trouble could be properly denominated a disease. That itself was a jury question.

As to whether or not, therefore, insured had a disease, and, if so, one that increased the risk of loss, was a jury question, and the affirmative charge was properly refused as to either of the defenses interposed. General Accident, Fire & Life Assur. Corp. v. Jordan, 230 Ala. 407, 161 So. 240. It is also settled that representations as to treatments by physicians stand on the same footing as representations of good health. Sovereign Camp, W. O. W. v. Moore, 237 Ala. 156, 186 So. 123.

A somewhat more difficult question is presented in consideration of the motion for a new trial upon the ground the verdict was contrary to the great preponderance of the proof. The evidence has been carefully considered in consultation, and in the light of the rule by which we are guided in questions of this character, the conclusion is reached that the ruling of the trial judge should not be here disturbed.

It results that the judgment is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., BOULDIN and FOSTER, JJ., concur.