HOLMES, Judge.
The plaintiff sued the defendant-insurance company. The plaintiff claimed certain medical expenses which were incurred when he had an operation to correct a congenital malformation of his ears. The defendant-insurance company denied coverage. The learned and distinguished trial judge, sitting without a jury, entered judgment for the plaintiff in the amount of $2,871.50.
The defendant appeals. We reverse and remand.
The dispositive issue on appeal is whether the plaintiff’s congenital condition can be deemed a “disease” and, therefore, covered under his insurance policy. Put another way, in this instance for the plaintiff to recover under the terms of his policy, his condition must be a “disease.”
A review of the record reveals the following:
The plaintiff has had a lifelong problem of protruding ears. At age twenty-nine, he consulted a doctor concerning his condition. He told the doctor that he wanted to ini- *830 prove his appearance and testified that he wanted a “corporate image, a neat appearance, a clean-cut image.” The doctor diagnosed his condition as a congenital malformation and told him that it could only be corrected by reconstructive surgery. Thereafter, the surgery was performed.
The doctor testified that the plaintiff made no complaints of any hearing deficiency and that no tests were performed to determine if he was suffering from a hearing loss. The doctor further testified that the surgery performed on the plaintiffs ears was simply to correct a condition which caused the ears to protrude. The protruding nature of his ears, however, was not life-threatening, and the procedure was not performed to prolong the plaintiff’s life.
Subsequent to the above surgery, the plaintiff made a claim on his group medical insurance. The defendant-insurance company denied coverage, stating that the surgery was for the reduction of the size of the plaintiffs ears and was nonfunctional in nature and considered cosmetic.
As indicated above, the trial court determined that the surgery was within the coverage of the policy and entered a judgment for the plaintiff. In its order the trial court specifically found that the plaintiffs condition was considered a “disease” and covered under his group insurance program which pays for covered medical expenses incurred in connection with a nonoccupational disease or non-occupational injury. We note that it is conceded that the plaintiffs condition was not the result of a “non-occupational injury.”
Where a case is heard without a jury, there is a strong presumption in favor of the findings of facts made by the trial court, and we will not reverse such findings unless plainly and palpably wrong or unless the trial judge takes an erroneous view of the law as applied to the facts. Aetna Life Insurance Co. v. Martin, 386 So.2d 468 (Ala.Civ.App.1980).
The defendant contends that the trial court’s conclusion that the plaintiff’s condition amounted to a “disease” is directly contrary to the definition of “disease” as stated by the supreme court and followed by this court. We agree.
We should point out that the policy provides no definition of “disease.”
The supreme court has defined the term “disease” as it is used in insurance policies as follows: “ ‘ “[Djisease” ... denotes a serious illness, which has impaired the constitution or left in its wake some organic or chronic effect undermining the general health.’ ” New York Life Insurance Co. v. Hoffman, 238 Ala. 648, 651, 193 So. 104, 106 (1939) (quoting Independent Life Insurance Co. v. Butler, 221 Ala. 501, 504, 129 So. 466, 469 (1930)). This court has likewise followed this definition. Jefferson Life & Casualty Co. v. Bevill, 38 Ala.App. 384, 86 So.2d 289 (1955).
When faced with the question of whether a particular condition is a “disease,” the courts have consistently applied the standard definition set out above. However, in this instance it would appear that although the trial court recognized the above definition, it applied a broader definition.
The definition of “disease” stated by the supreme court and followed by this court is straight-forward and consistent with the common understanding of the term “disease.” To allow the trial court to apply another definition of a term previously defined by the courts would cause the law to become inconsistent. Therefore, we hold that the trial court erred in applying a different definition of the term “disease.”
Applying the established definition, we find that the plaintiff’s condition should not be classified as a disease. The evidence is clear that the procedure performed on the plaintiff was simply to improve his appearance.
Contrary to certain contentions, the operation clearly was not performed to correct any hearing problem. Further, any testimony that the operation could possibly have increased one's hearing is purely speculative in nature. No hearing tests were performed either prior to or after the surgery.
*831 Importantly, the plaintiff had lived with this condition for twenty-nine years, during which time it remained unchanged and had no impact on the physiological functioning of the body.
In view of the above, we find the trial court’s conclusion that the plaintiff’s condition was a “disease” within the meaning of the insurance policy to be in error.
The judgment of the trial court is due to be reversed and remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY, P.J., and INGRAM, J., concur.