ROGERS, J.
 

 The premises, No. 116 St. Gabriel street, in the city of Baton Rouge, were damaged by fire on the night of October 22, 1923. They were owned, at the time, by plaintiff and were insured in the Northwestern National Insurance Company, Inc., defendant herein, under a policy for $3,000 and in the Westchester Fire Insurance Company of New York under a policy for $5,000. This is a suit for the recovery from the defendant insurance company of its proportion of the damage caused by the fire, together with the statutory penalty for its failure to pay the loss within the period fixed by law.
 

 The defendant denied liability on two grounds, viz.: (1) That the plaintiff failed to make any proof of loss; and (2) that the damage was not ascertained by an appraisal as provided by,the terms of the insurance contract. Defendant further set up that the amount claimed by plaintiff as his loss was excessive.
 

 The court below gave plaintiff judgment for $2,190 as the proportion of his loss due by defendant, together with 12 per cent, on the amount as statutory damages, with interest and costs. Defendant appealed.
 

 The first ground of defense, that plaintiff failed to make proof of loss, is not well founded and is not urged on appeal. The record shows, beyond dispute, that the defendant was promptly notified of the fire and re-quested to furnish plaintiff with blank proofs of loss; that, instead of complying with the request, the defendant placed the matter in charge of its adjuster, who entered into negotiations with plaintiff and his attorney With a view of settling the loss. During the course of the negotiations, which lasted several months, the adjuster of the defendant sent plaintiff several proofs of loss with the blanks filled in so as to show a loss much smaller than that claimed by the plaintiff. Plaintiff refused to sign these documents, and repeatedly demanded blank proofs of loss in order that he might execute them in accordance with his view of what his damage actually was, but without avail. Finally, plaintiff erased the figures from one of the proofs of loss sent him by the defendant’s adjuster and substituted therefor his own estimate of the damage suffered by him. After doing this, he signed the document and sent it to the defendant. It was only after plaintiff definitely refused to accept a settlement on the basis of a'total loss of $2,090, according to an estimate made for the defendant by one Weiland, that the defendant raised the question of plaintiff’s alleged violation of the insurance contract in failing to make proofs of loss within 60 days. In these circumstances, we hardly think the defendant is-in a position to successfully urge as a defense that it did not receive' the preliminary proofs of loss, the blanks for the execution of which it was required under the law to furnish the insured. Act 168 of 1908; McClelland v. Greenwich Ins. Co., 107 La. 124, 31 So. 691; Clark
 
 &
 
 Sons v. Franklin Ins. Co., 130 La. 584, 58 So. 345.
 

 The second ground of defense, that no appraisement was made in accordance with the terms of the policy, is the one relied on by defendant before this court in order to defeat plaintiff’s action. On this phase of the case, the evidence conclusively shows that, shortly after the fire occurred, the plaintiff suggested
 
 *611
 
 an appraisal, and that his suggestion was accepted by the defendant. Nevertheless, defendant made no serious effort to co-operate with plaintiff in obtaining the appraisement. Its policy was, apparently, to delay the appraisement by appointing a succession of appraisers and then withdrawing the appointments. In the meantime, the defendant’s adjuster was doing his utmost to induce plaintiff to accept a settlement on defendant’s terms. Finally, plaintiff, concluding that it Was impossible to obtain an appraisement, abandoned the idea and sold the property as it stood. It was only after the purchaser had repaired the property, and an appraisement was impractical, that the defendant insisted that it be made. In view of defendant’s neglect to actively avail itself of plaintiff’s offer of an appraisement, and of the dilatory tactics it was pursuing in the adjustment of his loss, we think plaintiff was fully warranted in inferring that his only recourse was a resort to the courts for the determination of his rights. See Baillie & Co. v. Assurance Co., 49 La. Ann. 658, 21 So. 736.
 

 The court below set the amount of damage caused by the fire at $5,840, of which defendant was held liable for three-eighths. Defendant contends the judgment for that amount is excessive and should be materially reduced. The judgment was based on the testimony and estimates submitted by a number of contractors who had examined the damaged premises on behalf of the parties litigant. The estimates vary from that of $1,545, made by McG-raw, a witness for defendant, to that of $6,482, made by Stewart, a witness for plaintiff. Although Stewart was used as a witness on his behalf, plaintiff contends his estimate was actually made at the request of the defendant. This is denied by defendant, which contends that the estimate was made on behalf of plaintiff. There is a conflict of testimony as to this, but our conclusion is that the testimony, considered as a whole, shows that Stewart, in making his estimate, was representing the defendant, and that it was after receiving his report, which proved to be unsatisfactory, the defendant attempted to repudiate his authority. The trial judge saw and heard the witnesses and was familiar with the conditions. We. are unable to find, from our examination of the evidence, that he erred in fixing the amount of plaintiff’s loss.
 

 For the reasons assigned, the judgment appealed from is affirmed.