## JOHNSON v. DISTRICT GRAND LODGE NO. 21, GRAND UNITED ORDER OF ODD FELLOWS OF LOUISIANA.
### No. 14578.

Court of Appeal of Louisiana. Orleans.
June 29, 1933.

Frank B. Smith, of New Orleans, for appellant.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellee.

JANVIER, Judge.

Annie Johnson Jackson, plaintiff, alleges that William Thomas, her uncle, died on November 29, 1931, and that at the time of his death he was a member in good standing of Pride of Louisiana Lodge No. 1529, a subordinate lodge of District Grand Lodge No. 21, Grand United Order of Odd Fellows of Louisiana, and that the said Grand Lodge had issued a policy of fraternal insurance on the life of the said Thomas and that petitioner was named beneficiary in the said policy.

Plaintiff also alleges that the said Grand Lodge has refused to make payment in accordance with the terms of the policy notwithstanding the fact that she submitted proof of death in proper form. She seeks judgment for the amount to which she claims she is

entitled under the policy, to wit, the sum of $500.

Defendant denies the death of Thomas, though this defense is not seriously made. It also denies that due proof of death was submitted, but it bases its principal defense on the averment that the local lodge, of which Thomas was a member, had been suspended by the Grand Lodge several months before the death of Thomas. It is asserted that Thomas, under the charter and by-laws and endowment rules of defendant, had, by the said suspension of the local lodge, been himself suspended.

In the district court judgment was rendered for plaintiff, as prayed for, and defendant has appealed.

■■ The defense that no proper proof of death was submitted cannot be sustained because, although plaintiff's allegation that she furnished this proof is not borne out by the evidence and although she admits that the proof was not furnished, as she alleges it was, nevertheless this failure resulted from the fact that the Grand Lodge failed to comply with the request that a form for the furnishing of this proof be provided. If an insurance company or a fraternal benefit society requires that proof of death be made on a particular form, it must furnish such form wherever proper demand is made upon it, or it cannot be permitted to resist payment on the ground that the proper proof has not been made. At the trial the death was proven, as were all other facts which would have been disclosed by the proof of death had it been executed.

■■ The fact that the local lodge had been suspended by the Grand Lodge would not deprive the individual members of the local lodge, who were in good standing, of their rights to their insurance protection. It has often been held that the officer of the local lodge, who has been designated by the Grand Lodge as the person to whom the members of the local lodge shall pay their dues, is the agent of the Grand Lodge, and that therefore payment to him constitutes payment to the Grand Lodge, whether the funds are actually transmitted to the Grand Lodge or not. In Wilmer v. Most Worshipful St. John's Grand Lodge, etc., 142 So. 858, we said: "* * * When a member of a lodge pays his dues to the proper officer of a local lodge on or before the due date, in accordance with the rules and regulations of the said lodge, he has complied with his duty and is in good standing, regardless of the action of the said officer in not forwarding the money to the Grand Lodge, the officer receiving the money being the agent of the Grand Lodge and not of the member paying it."

In Emanuel v. Central Grand Independent Order, etc., 16 La. App. 186, 133 So. 506, 508, appears the following: "* * * It must be remembered that the officers of the Mars Hill Tabernacle, No. 22, whose duty it was to collect and remit these dues, were under the law the agents of the Grand Lodge and of the endowment bureau. When the insured had paid her dues, she had done all that was required of her, and it was not her duty or right to pursue these funds any further."

There are many other authorities to the same effect.

■ Defendant contends, however, that in its endowment laws there is a provision which enables us to distinguish this case from those to which we have referred. The provision to which our attention is directed reads as follows: "Upon suspension of a lodge for failure to comply with the provisions of the foregoing sections of these laws, every member of said lodge in good standing at the time of suspension, and who was not in any manner responsible for the conduct of his lodge, must within thirty days from the date of such suspension, apply to the Secretary of the Bureau of Endowment with his financial card showing his good standing in his lodge at the time of suspension, for enrollment on the financial list of members recorded in the Bureau of Endowment, subject to be deposited in some other lodge so that any such member or members may be kept in good financial standing until such time as his or their lodge may become financial."

It is argued that the above-quoted endowment law places upon each member of a subordinate lodge the duty of being at all times familiar with the financial affairs of the said subordinate lodge, and requires each said member to make certain that all proper remittances are made to the Grand Lodge by the collecting officer of the subordinate lodge, and that, whenever a subordinate lodge is suspended, each member, whether he has notice of such suspension or not, must protect himself in the manner set forth in the above-quoted endowment law.

If a member has knowledge of the suspension of his subordinate lodge, it may be reasonable to require him to take any proper steps to protect himself, but it is not reasonable to require him to do so without notice of such suspension. In Emanuel v. Central Grand Independent Order, etc., supra, this question was discussed by the court in the following language: "It is the duty of defendant to make proper provisions for the members of the local lodge who keep their dues paid up promptly. It would seem that upon a local lodge being suspended on account of the failure of its officers, who are agents of the Grand Lodge, to remit the dues as collected, each individual member whose dues are paid in full should be held in good standing as to his insurance and should be given ample notice as well as opportunity to

send his dues direct to the Grand Lodge or to join another local lodge that is in good standing. Anything less than that would be unreasonable and contrary to public policy. So, although the by-laws of the defendant may provide that a beneficiary of a member whose dues are paid up promptly and in full at the time of his death will be deprived of the right to collect under the policy carried by the insured if at the time of the death of the insured the local lodge was suspended because of the failure of the officers to remit the dues collected from its members, this provision is unreasonable and contrary to law."

We concur in this view, and we believe that, since it is universally held that the collecting officer of the local lodge is the agent of the Grand Lodge, it would be contrary to public policy to permit the Grand Lodge to take advantage of the defaults of its agent and to punish the members of the local lodge for the defaults of the said agent, unless and until the said local members had been advised of the said default and had been given opportunity to protect themselves.

The record shows that not only was no notice given to the local members of the subordinate lodge of the suspension of that lodge, but that no notice was given to the lodge itself. Testimony to this effect was submitted by that member of the local lodge, who should have received notice of suspension, had any been issued.

■ We have discussed the matter as though the record contained proof that there is in the endowment laws of defendant the particular law which we have hereinabove quoted, and we have done so because, at the trial below, a copy of the said law contained in the charter and by-laws of the organization was admitted in evidence, but we believe that, as a matter of fact, the said document should not have been admitted because it was not authenticated in any way, was not submitted by any witness in connection with his testimony, and, in fact, finds its place in the transcript over the well-founded objection of plaintiff.

■ We are asked to amend the judgment by awarding damages in the sum of 20 per cent. for frivolous appeal. We do not believe that the appeal in this case was taken for the purpose of delay, and we believe that, inasmuch as the provision in the endowment law to which we have referred seems to be somewhat unusual, counsel for defendant may have been sincere in the belief that this case could be distinguished from those earlier decisions which were called to our attention, and we therefore do not feel that the amendment prayed for should be allowed.

The judgment appealed from is affirmed.

Affirmed.