168 So. 552

## BRASHER v. BROMBERG et al.

### 6 Div. 820.

Supreme Court of Alabama.

May 28, 1936.

Victor H. Smith, of Birmingham, for appellant.

Cabaniss & Johnston and Jos. F. Johnston, all of Birmingham, for appellees.

ANDERSON, Chief Justice.

■ This suit is based upon one count seeking to recover of the defendant as an indorser of a certain note therein described. The complaint did not charge notice of default of the principal or an excuse for a failure to give same. It was necessary in order to state an action against this defendant indorser to allege the condition of his liability or a legal excuse for the nonobservance. Falkner v. Protective Life Ins. Co., 228 Ala. 57, 152 So. 34; Copeland v. Keller, 221 Ala. 533, 129 So. 571. The complaint was subject to the defendant's demurrer.

■ It is suggested by counsel for appellee that there was no ruling upon the demurrer to the complaint. The minute entry, page 7 of the record, of May 4, 1933, shows that the trial court overruled the defendant's demurrer. True, it does not specifically recite the demurrer to the complaint, but it does recite "defendant's demurrer," and it appears that at that time the only demurrer of the defendant on file was to the complaint. Nor does it appear that the defendant waived her demurrer by filing pleas before getting a ruling on the demurrer. The ruling on the demurrer was May the 4th, and the minute entry, after ruling upon the demurrer, recites, "defendant, by separate paper in open Court, files pleas 1 to 7 inclusive," and the record shows that said pleas were filed on May 4, 1933, presumably after the court had ruled upon the demurrer. It is also suggested that, if there was error, it was without injury, as the note was introduced in evidence and bore a waiver of demand, protest, and notice. True, we have a line of decisions holding that the failure of averment is sometimes cured by proof of the omission, but as to whether or not such an omission can be cured by proof where the omission is essential to state a cause of action or whether or not the omission here was essention to state a cause of action, we need not and do not decide, as this case must be reversed for other reasons.

There is some confusion as to the ruling upon the pleas. It seems that the trial court on May 4, 1933, overruled the plaintiffs' demurrer to many of the defendant's pleas, but on March 14, 1935, the defendant refiled all pleas previously filed and additional pleas, "1 through 16 inclusive," and the court sustained the demurrers to all of said pleas, except 1, 2, 3, and 4.

■ We are disposed to agree to the statement of appellees' counsel that the real and only issue in this case is whether or not the defendant should have been permitted to plead and prove that she indorsed the note as surety for her husband. Therefore, we think this issue was fairly presented by some of defendant's pleas, especially plea 16, and that the trial court erred in sustaining the plaintiffs' demurrer to said plea. We also accept the suggestion of appellees' counsel that error in sustaining demurrers is

harmless, where the issue presented by the plea was fully litigated. Staples v. City Bank & Trust Co., 194 Ala. 687, 70 So. 115; Navco Hardwood Co. v. Bass, 214 Ala. 553, 108 So. 452. It seems that this issue was litigated and the trial court gave the general charge for the plaintiff. The only witness testifying to the transaction was one of the plaintiffs, and, if his testimony that the original loan was made to the corporation, the Flexlume Realty Company, and was its debt and not the debt of the defendant's husband, and the note in question was given as a renewal of said debt, were all, the plaintiff would be due the general charge. But, as to this, there was enough conflict in the evidence to require a submission of the question to the jury. There were evidence and circumstances tending to show that the first note, or original debt, was that of the defendant's husband, Omer Brasher, and not the corporation, and that the note in question was made by the corporation only as a cloak to conceal the wife's suretyship; the husband being practically the alter ego of the corporation. The check for the original loan was made payable to and collected by the husband, Omer Brasher, and not the corporation, and, when the renewal was under consideration, the note was by the husband and not the corporation, but when the witness attempted to negotiate it at the bank, he was advised to have it made by the corporation and not Omer Brasher, and the jury could infer that this change was made in order to prevent the indorsement of the wife appearing as a surety for a debt of her husband. This inference is also supported by the existence of a note of the same date as the present one and for the same amount as the note in question and which was mentioned in the claim filed against the estate of the husband, Omer Brasher. In other words, the evidence of Bromberg was by no means uncontradicted, but was in conflict with pertinent facts and circumstances tending to show that the debt was really that of the defendant's husband and that the corporation was used as a mere dummy or sham to evade the law forbidding the wife's liability as surety for her husband.

The trial court seems to have proceeded upon a misconception of the case of Little v. People's Bank of Mobile, 209 Ala. 620, 96 So. 763, which is unlike the present one. There, aught appearing, the note in question was the initial or original transaction, and the note bearing the wife's indorsement was tendered to the bank which had no notice of the defense relied upon by the wife, Mrs. Little, and was therefore in the position of an innocent payee or obligee. Here, the Brombergs were parties to the transaction, and, according to the defendant's theory, had notice that the first note was for the debt of the husband, and that the note in question by the corporation was without consideration to said corporation which was used as maker of the new note as a mere subterfuge for evading the suretyship of the wife. 8 C.J. 464; Morrow v. Shuff, 219 Ala. 395, 122 So. 635; Jackson v. Lancaster, 213 Ala. 97, 104 So. 19; Hardegree v. Riley, 219 Ala. 607, 122 So. 814.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.