181 So. 274

**SOVEREIGN CAMP, W. O. W., v. DEESE.**

**1 Div. 971.**

Supreme Court of Alabama.

May 12, 1938.

Lyons & Chamberlain, of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

BOULDIN, Justice.

Action on beneficiary certificate of insurance in fraternal association.

Plea No. 4, to which demurrer was sustained, set out stipulations of the contract to the effect that the insured warranted all the representations in the application to be true, and that any untrue statements therein shall make the certificate void, and "further alleges that in said application the said Deese warranted that his weight in the last two years preceding the execution of said application had not increased or decreased and that the said warranty was untrue in this: that his weight had decreased within two years preceding the date of said application and that said fact was falsely misrepresented by the plaintiff with intent to deceive the defendant corporation and that the same was relied on and in fact did deceive defendant."

In form, this is a plea of breach of warranty; a warranty of the truth of representations, which, if untrue, shall void the policy ab initio, prevent liability from ever attaching. Sovereign Camp, W. O. W., v. Moore, 232 Ala. 463, 168 So. 577.

In the case just cited, we collated our cases, and sought to clarify, somewhat, pleas of fraud in the procurement of the policy and pleas of warranty in view of Code, §§ 8364, and 8365.

It must be kept in mind that the statute, as applicable to cases of this kind, deals with misrepresentations touching matters going to the acceptance of the insured as an insurance risk.

Hence, by proper averments, such misrepresentations may be set up by plea of breach of warranty, or a plea of fraudulent misrepresentations. Both forms of plea go to the question of the existence, vel non, of a valid contract of insurance.

The statute puts such misrepresentations in the same class, whether in the form of a warranty or not, and briefly declares they shall not defeat the policy "unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss." This clause is but a concise definition of actionable fraud as recognized in our statutes and decisions cited in Sovereign Camp, W. O. W., v. Moore, supra. The statute strikes.

out all warranties touching representations not fraudulent under recognized rules of law.

Plea 4 is based on deceit, the alternative provision of the statute, avoiding policies for misrepresentations made "with the actual intent to deceive."

■ Such plea must aver such facts as disclose the misrepresentations relate to matters intrinsically material to the risk, matters which the insurer may in good faith rely upon, and does rely upon, as an inducement to the acceptance of the insured as an insurable risk. Although it cannot be averred and proven in the particular case that the matter misrepresented in fact did increase the risk of loss, this alternative deals with material misrepresentations in the sense that they are so related to the question of an insurable risk that the insured may, in good faith, rely upon them as a material inducement to the making of the contract. The intent to deceive, within the meaning of the law, is the intent to induce his acceptance as an insurance risk by false statements. No such intent can be inferred from statements wholly immaterial in the premises. Some statements may be so patently material that an averment to that effect is needless in pleading. Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286.

■ It cannot be said as matter of law or as a fact of common knowledge that the loss of weight without more, is material. The plea should have averred the extent of loss of weight, or other facts disclosing such loss of weight, that, if truly represented, would have materially influenced the insurer in passing upon insurability. Empire Life Insurance Co. v. Gee, 171 Ala. 435, 55 So. 166; Reliance Life Insurance Co. v. Sneed, 217 Ala. 669, 117 So. 307; Sovereign Camp, W. O. W., v. Hutchinson, 214 Ala. 540, 108 So. 520; Brotherhood of Ry. Clerks v. Riggins, 214 Ala. 79, 107 So. 44.

■ Evidence on this issue was freely admitted. It was admissible under other issues going to the state of health of the insured at the time the policy was issued. At defendant's request, the court gave written charge No. 1, which submitted the issue to the jury in quite favorable terms.

The ruling on demurrer to plea 4, if error, was therefore harmless. Forrester v. McFry, 229 Ala. 324, 157 So. 68; Brasher v. Bromberg, 232 Ala. 450, 168 So. 552.

The substantial issue of fact related to the condition of health of the insured at the time the policy was issued.

■ The evidence was clear that the insured died of pulmonary tuberculosis, some 8½ months after the policy date. Whether the disease was contracted or developed before or after that date was, under the evidence, a question for the jury. No discussion of details need be given. There is no sufficient ground to overturn the verdict.

■ That notice of death was duly given by letter to the insurer, with request for blanks to make out formal proof, is undisputed. Return letters declining to forward forms upon the ground that the insurer denied all liability because of misrepresentations dispensed with need for further proof. This, for reasons so obvious as to call for no further treatment or authority.

We find no reversible error in other rulings presented. No special treatment is deemed necessary.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.