HALL, Judge.
Plaintiffs prosecute this appeal from a judgment dismissing their suit on an exception of prematurity.
Plaintiffs are the owners of a building situated in the City of New Orleans which was damaged by windstorm on or about September 9, 1965 during Hurricane Betsy. The building was insured against damage by windstorm under three insurance policies, two of which were written by Quincy Mutual Fire Insurance Company, and the third by the defendant, Indiana Lumbermens Mutual Insurance Company.
Plaintiffs reported the loss to their agent and in due course an adjuster investigated and it was agreed that plaintiffs’ damage amounted to the sum of $5,104.40. Acting for plaintiffs, the adjuster filed proofs of loss with Quincy Mutual Fire Insurance Company which paid its pro rata of the loss under both policies issued by it. No proof of loss was filed with the defendant, Indiana Lumbermens Mutual Insurance Company because the adjuster did not represent that company in the matter.
Plaintiffs apparently thought that the adjuster represented both insurance companies but when they did not receive payment of defendant’s pro rata of the damage they engaged the legal services of Mr. A. D. Freeman, Jr.
Mr. Freeman wrote the defendant company on February 21, 1966 requesting that he be furnished with a form of proof of loss for execution by his clients. The form not being forthcoming, Mr. Freeman notified defendant that unless the claim was paid by a certain date suit would be filed to enforce recovery.
On April 4, 1966 plaintiffs filed this suit seeking to recover from the defendant company the sum of $1,838.97 as its pro rata of the loss, plus penalties and attorney’s fees under the provisions of LSA-R.S. 22:658.
On April 20, 1966 the defendant company filed exceptions of prematurity and of no cause or right of action to plaintiffs’ petition, and on the same date defendant’s attorney addressed a letter to plaintiffs’ attorney in which he enclosed defendant’s draft payable to the order of plaintiffs in the sum of $1,838.97, the amount claimed in their suit. This letter reads in part as follows :
“While it is difficult to determine the alleged amount of your clients’ loss, since no proof of loss has ever been furnished to the company and your letters of demand contain figures in different *444 amounts, as well as your suit which contains a different amount demanded from any of your letters, nevertheless, the company has instructed us to pay to your clients $1,838.97.
“The draft is made payable to the four Makofskys and is being sent to you as their attorney. Their signatures on the reverse of the draft will constitute a release insofar as the amount of the alleged loss is concerned.
“However, you may proceed without prejudice as to your alleged further claim for court costs, penalties and attorneys’ fees.
“We will resist your further claim in this regard and we assure you that acceptance of the draft by your clients will not prejudice your rights to continue to contend that you are entitled to court costs, penalties and alleged reasonable attorneys’ fees.”
Defendant’s attorney also on the same date addressed a letter to plaintiffs notifying them that the draft had been forwarded to their attorney, and stated:
“This payment is made without prejudice to your rights or the rights of your attorney to continue to contend that you are entitled to payment of your court costs, together with penalties and reasonable attorneys’ fees, although it is the position of our company that you are not entitled to same.”
The back of the draft contained the usual and customary full release without any reservation and some days after its receipt by him plaintiffs’ attorney returned it objecting thereto.
Thereupon the defendant company promptly voided the printed release and substituted therefor the following language:
“Acceptance of this draft will not constitute a waiver of the payees’ rights to contend that they are entitled to penalties, attorney fees and costs.”
The draft as thus amended was returned to, and accepted by, plaintiffs on May 11, 1966.
Testimony on defendant’s exception of prematurity was heard on May 13, 1966 and' on May 19, 1966 the Trial Judge maintained it and dismissed plaintiffs’ suit.
The sole question presented is whether plaintiffs’ suit was premature in view of the provisions of defendant’s policy which being a standard fire policy (with extended coverage) contains the following language-required by LSA-R.S. 22:691:
“The insured shall give immediate written notice to this Company of any loss- * * * and within sixty days after loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed: and sworn to by the insured * * *.
“The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company * * *_
“No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with * * (Emphasis supplied.)
The record reveals that the letter of plaintiffs’ counsel dated February 21, 1966 was the only written request for a form of proof of loss made by the plaintiffs, and it further reveals that no proof of loss was ever filed by them.
Under the provisions of the statute above quoted payment was not due by defendant, and suit by 'plaintiffs was premature and not sustainable, until 60 days after receipt by defendant of a proof of loss “signed and sworn to by the insured.” Plaintiffs contend however that the insurer is required by LSA-R.S. 22:650 to furnish a form of proof of loss upon the written request of a claimant under the policy and that the *445 defendant insurer’s failure to furnish such form upon such request constitutes a waiver by the insurer of the proof of loss, citing: Johnson v. District Grand Lodge No. 21, etc., La.App., 149 So. 145; J. B. Clark & Sons v. Franklin Ins. Co., 130 La. 584, 58 So. 345; Neider v. Continental Assur. Co., 213 La. 621, 35 So.2d 237, 2 A.L.R.2d 846; Talbert v. Northwestern Nat. Ins. Co., Inc., 167 La. 608, 120 So. 24; Dover v. Atlas Assur. Co. of London, England, 15 La.App. 132, 130 So. 828.
Taking the view most favorable to plaintiffs’ case and considering the letter of plaintiffs’ counsel dated February 21, 1966 not only as a request for a form of proof of loss but as an actual proof of loss “signed and sworn to by the insured” we are constrained to hold that plaintiffs’ suit filed on April 4, 1966 was premature and not sustainable. For if we assume that the letter of February 21, 1966 was received by defendant on February 22, (although mail is not usually delivered on Washington’s birthday) defendant had 60 days thereafter, or until Sunday, April 24th, within which to pay the claim, and any suit filed by plaintiffs prior to that date was premature.
Defendant did not deny either coverage or liability and actually forwarded its draft to plaintiffs for $1,838.97 within the 60 day period viz. on April 20, 1966. While it is true plaintiffs’ endorsement of the draft would have constituted a full release of their claim, there is no reason why it should not have. The payment was timely made and was payment of the full amount demanded in plaintiffs’ suit with the exception of the demand for statutory penalties, attorneys’ fees and costs, and certainly penalties, attorneys’ fees and costs were not then de-mandable.
We do not regard as in anywise material to the issue presented that defendant’s counsel and defendant itself reserved to plaintiffs the right to contend they are .entitled to statutory penalties, etc. Neither defendant’s counsel nor defendant agreed not to contest the claim therefor.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiffs-appellants.
Affirmed.