241 So.2d 606 (1970)
Charles L. BAMBURG, Plaintiff-Appellee,
v.
AMERICAN SECURITY LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 11524.
Court of Appeal of Louisiana, Second Circuit.
November 17, 1970.
*607 Kenneth D. McCoy, Jr., Natchitoches, for defendant-appellant.
Henry W. Bethard, III, Coushatta, for plaintiff-appellee.
Before BOLIN, PRICE and HEARD, JJ.
BOLIN, Judge.
Charles L. Bamburg sued American Security Life Insurance Company for benefits allegedly due him as the insured under a health and accident policy. There was judgment in favor of Bamburg for $6450, which included $2850 for hospital benefits, $2850 for penalties and $750 as attorney's fees. American Security appeals and Bamburg answers the appeal seeking an increase in attorney's fees to $2000.
Bamburg played the electric bass guitar in a band known as the "Playmates", which was performing at the Lake Club in Natchitoches Parish on the night of June 18, 1969. During an intermission plaintiff was struck in the stomach by a bullet from a pistol which was accidentally discharged while the club's bouncer was attempting to eject a rowdy patron from the premises. It is not disputed that the injury was accidental or that Bamburg was hospitalized *608 for a period which would entitle him to the sum of $2850 under the terms of the policy unless:
(1) The insured failed to furnish the required proof of loss forms.
(2) The loss was excluded by a special provision of the policy.
We shall direct our attention to the above conditions in the order stated. Plaintiff was confined to the hospital on the following dates during 1969:
January 19th through February

 22nd 35 days
April 21st through April 25th 5 days
May 23rd through June 8th 17 days
 _______
 Total 57 days

The policy provided the insured would be reimbursed on the basis of $350 per week while confined to a hospital, which accounts for the principal demand of $2850.
It is undisputed plaintiff timely sent the insurance company proof of loss forms for the first two periods of hospital confinement but did not file a proof of loss for the third period. Bamburg testified he requested the company furnish him with the forms but none was sent. He further testified his hospital bill was sent to defendant.
Louisiana Revised Statute 22:650 requires the insurer to furnish a proof of loss form to any person claiming a loss under any insurance contract with the insurer. This statute has been interpreted to mean the failure of the insurer to furnish the forms on request constitutes a waiver by the insurer. Talbert v. Northwestern National Insurance Company, Inc., 167 La. 608, 120 So. 24 (1929). It is also the uniform jurisprudence of this State that where the insurer receives actual notice of a claim and refuses to pay, such company cannot escape liability on the ground proof of loss forms were not received. The evidence reflects American Security had actual knowledge of all the dates plaintiff was confined to the hospital and had denied coverage even on those claims for which forms were returned. Under these circumstances, defendant was not justified in refusing to pay the claim because of its alleged failure to receive a proof of loss for the last hospital confinement.
Appellant's second contention is based on the following provision of the insurance policy:

LIMITATIONS AND EXCLUSIONS
"(a) * * *
"(b) This policy does not provide benefits for hospital confinement for which benefits are payable under any Workmen's Compensation or Employer's Liability Law, * * *" (The omitted portion is not pertinent to the facts in this case.)
A witness for American Security, who had the authority to reject or pay Bamburg's claim, testified he would have denied the entire amount of the demand even had he received a proof of loss for the last confinement. Such rejection was based on his conclusion that plaintiff was entitled to workmen's compensation and that, therefore, the quoted exclusionary clause of the policy was applicable. From his testimony it appears the sole reason for so concluding was plaintiff's statement in his proof of claim that he was injured "at the Lake Club, where employed". No further investigation appears to have been conducted to determine whether Bamburg was an employee of the Lake Club or of the band.
Bamburg contends the exclusionary clause is inapplicable to his claim for two reasons: first, that his work was not hazardous and second, there was no employer-employee relationship so as to entitle him to receive workmen's compensation benefits. For reasons hereinafter expressed we shall pretermit a determination of whether the work was hazardous. It is undisputed Bamburg was not employed by the Lake Club. There remains, therefore, *609 the question of whether plaintiff was an employee of the band leader.
It is essential to establish by positive proof that an employer-employee relationship existed in order for the exclusion to apply. See Louisiana Revised Statute 23:1031; Hano v. Kinchen (La.App. 1 Cir. 1960), 122 So.2d 889 and cases cited therein.
The Playmates was a band composed of five musicians. Even though the band had a leader the evidence reflects each member received an equal portion of the proceeds for each engagement. No wages were paid and the instruments were owned by the group. Bamburg thus contends he was a member of a partnership and not an employee of either the band or the Lake Club. Testimony further establishes the principal occupation of Self, the band leader, was that of a teacher and Bamburg was a mechanic.
We think it important to note this case is one in which an insurer, in order to escape liability, has affirmatively alleged plaintiff was entitled to workmen's compensation benefits and was, therefore, not covered under his hospitalization policy containing the exclusionary clause referred to previously. In such instances the burden is clearly upon the insurer to prove by a preponderance of the evidence the claimant is one to whom the exclusion applies.
Our review of the record convinces us the insurer has failed to prove there was an employer-employee relationship between Bamburg and the band leader so as to entitle plaintiff to benefits "payable under any Workmen's Compensation or Employer's Liability Law * * *" and, consequently, he is not excluded from coverage under the policy.
Louisiana Revised Statute 22:657 permits the assessment of penalties and attorney's fees against the insurer unless its refusal to pay the claim is based on "just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard". Our reading of this record convinces us any reasonable investigation of this case by the insurer would have disclosed Bamburg was not entitled to benefits under the Workmen's Compensation Act. No employee of defendant or independent adjuster made a thorough investigation of the claim.
Under the cited statute an insured is entitled to penalties of double the amount of the benefits due, which is conceded to be $2850 in the instant case. Bamburg is also entitled to attorney's fees which the lower court fixed at $750. Considering the nature of the case, the amount involved and the services rendered by plaintiff's counsel, both in the lower court and on appeal, we conclude the attorney's fees should be increased from $750 to $1,000.
For the reasons assigned the judgment appealed from is amended so as to increase the total judgment in favor of plaintiff, Charles L. Bamburg, and against defendant, American Security Life Insurance Company, from $6450 to $6700, and as thus amended is affirmed at appellant's cost.