291 So.2d 475 (1974)
Joe Louis MATTHEWS, Plaintiff-Appellee,
v.
COASTAL STATES LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 4441.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1974.
*476 Watson, Murchison, Crews & Arthur, by William P. Crews, Jr., Natchitoches, for defendant-appellant.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Joe Louis Matthews sues Coastal States Life Insurance Company for benefits alleged to be due under an accident and sickness insurance policy issued to him by defendant. He also claims penalties and attorney's fees. The trial judge rendered judgment awarding plaintiff benefits, penalties and attorney's fees. Defendant appealed, and plaintiff has answered the appeal seeking an increase in the award of attorney's fees.
The sole issues presented are whether plaintiff is entitled to recover penalties and attorney's fees, and if so, whether the amounts awarded for those items are excessive or inadequate.
Plaintiff sustained a back injury on May 9, 1972, while lifting a large metal door during the course of his employment by Valley Electric Membership Corporation. At that time plaintiff was the named insured in an accident and sickness insurance policy issued by defendant, which policy provided that if the insured should sustain an injury resulting in continuous total disability defendant would pay him $200.00 per month during that disability, up to a maximum period of five years.
Plaintiff received medical treatment immediately after the accident occurred, and he has been under the care of physicians continuously since that time. The treatment administered to him included hospitalization from May 16 to May 19, 1972. A myelogram was done in October, 1972, and surgery was performed on January 17, 1973, the surgery consisting of the removal of a herniated disc. Plaintiff has been totally disabled since the date of the accident.
On June 6, 1972, plaintiff submitted a formal claim for benefits due under the policy. The claim was accompanied by a certificate from Dr. C. E. Cook, plaintiff's treating physician, stating that plaintiff had sustained a "Thoraco-lumbar sprain," that he was totally disabled from May 10 to May 30, 1972, and that he was partially disabled from May 30 to June 6, 1972, the latter date being the one on which that claim was made. Defendant received that claim on June 26, and on June 28 it issued a check to plaintiff for $93.24.
A second claim was submitted by plaintiff on October 6, 1972. It contained a statement by Dr. Cook diagnosing plaintiff's injury as a "sprain of lumbar spine," and stating that plaintiff was totally disabled from May 16, 1972, to an undetermined date. That proof of claim was received by defendant on October 17, and two days later defendant issued a check to plaintiff for $339.66.
Plaintiff submitted a third proof of claim to defendant on October 31. The physician's statement which accompanied that claim recited that plaintiff had "acute lumbar sprain, possible ruptured disc, with pain in left leg," and that he was totally disabled from May 16, 1972, to an undetermined date. The doctor also stated in that certificate:
"Patient will be disabled for an undetermined length of time and completion of this claim should not be necessary each month. Since returning to work is undetermined payment should be made monthly."
*477 Defendant's claims manager testified that he did not know when the last mentioned claim was received by his company, but he stated that on November 2, 1972, he ordered a report on plaintiff from Retail Credit. We assume that the purpose of such a report was to determine whether plaintiff had recovered from his injury or whether his disability had been continuous.
Another certificate signed by Dr. Cook was submitted to defendant on November 7, 1972, in which the doctor recited that plaintiff had been "referred to Dr. Dean, Shreveport, La., will probably have surgery later," and that plaintiff was totally disabled from May 16, 1972, to an undetermined date. Defendant concedes that it received that report on November 10, 1972.
No payments were made in response to the last two proofs of claim until a substantial period of time after this suit was filed. Plaintiff's attorney wrote to defendant on November 16, 1972, requesting that proof forms and information as to the status of plaintiff's claim be sent to him. The attorney wrote to defendant again on November 28, 1972, making formal demand for payment of the policy benefits. Defendant replied to both of those letters, but in each case it stated in substance that an inspection was being made of the claim, and that the attorney would hear from defendant "in the very near future" or "in a few days." The company did not send forms for submitting proofs of claim to plaintiff's counsel until February 27, 1973.
This suit was filed on December 7, 1972. Defendant answered on January 31, 1973, denying any injury or disability on the part of plaintiff, alleging that all benefits due under the policy had been paid, "as based upon due notice and proof of claim provided defendant by plaintiff," and praying that plaintiff's demands be rejected.
On February 21, 1973, defendant issued a check to plaintiff for $945.72. It issued another check to plaintiff on March 15, 1973, for $93.24, and this check was delivered to plaintiff on the date of the trial, March 21, 1973.
The trial judge concluded that defendant was arbitrary in failing to pay plaintiff's claim promptly, and that there did not exist just and reasonable grounds for delaying those payments. He concluded that plaintiff was entitled to recover penalties and attorney's fees, under the provisions of LSA-R.S. 22:657.
The court reasoned that defendant owed benefits to plaintiff amounting to $2,000.00 covering the period from May 9, 1972, to the time the first payment was made after the filing of this suit. Of that amount $432.91 had been paid prior to the institution of suit, leaving a balance of $1,567.09 due at that time. Judgment was rendered condemning defendant to pay to plaintiff benefits of $1,567.09, plus the same amount as penalties, making a total award of $3,134.18 as benefits and penalties, subject to credits for the payments made after suit was filed. The judgment also condemned defendant to pay the additional sum of $2,000.00 as attorney's fees, and to continue to pay plaintiff benefits of $200.00 per month during his disability.
Defendant's claims agent testified that he thought the payment of benefits to plaintiff was withheld after the third proof of claim was submitted because one of the claim forms indicated that plaintiff's disability had not been continuous. He felt that an investigation and report was ordered for that reason. He concedes that Retail Credit took an unusually long time within which to submit its report, and that despite that delay his company made no other effort to obtain medical reports of plaintiff's condition.
Defendant's claims agent conceded that after receiving the second proof of claim on October 17, 1972, he felt confident that plaintiff was disabled and that it was indefinite as to when he might be able to return to work. He testified that defendant never received any additional information which tended to show that there was a *478 change in plaintiff's condition, and that the claims agent knew without question that Matthews was disabled from the time the above mentioned proof of claim was received until this suit was filed.
Defendant points out that it paid the first two payments promptly, and that it was only "when plaintiff went for several months without complaint following his initial claim request that the defendant ordered the retail credit report and withheld payment temporarily pending the results of that report." It argues that the withholding of further payments pending the results of the credit report should not be adjudged to be unreasonable.
LSA-R.S. 12:657(A) provides:
"All claims arising under the terms of health and accident contracts issued in this state . . . shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court."
In this case the proof of claim which defendant received from plaintiff on October 17, 1972, was in the form required by the policy, and it established that plaintiff had been continuously and totally disabled since the date of the accident, and that it was indefinite as to when he could recover. Defendant obviously felt that the proof of claim was adequate because it promptly made a payment of benefits to plaintiff following receipt of that proof of claim. We believe that the furnishing of that proof of claim was sufficient to entitle plaintiff to the payment of benefits "at least every thirty days" thereafter, without the necessity of filing additional proofs, until defendant had just and reasonable cause to discontinue those payments.
Despite the fact that no further proofs of claim were necessary, plaintiff nevertheless sent another formal claim to defendant on October 31, 1972, which claim also showed that plaintiff was still disabled and that he would be disabled for an undetermined length of time. No payment was made within 30 days of the sending of that claim, although defendant had no just and reasonable ground to believe that plaintiff's condition had changed. It is true that defendant ordered a report from an investigating agency on November 2, but the mere ordering of such a report is not a sufficient ground to justify the discontinuance of payments. Since such a report was not received by defendant within 30 days after the last payment had been made, and since defendant had acquired no additional evidence at all tending to show that plaintiff had recovered, defendant had no just and reasonable ground for delaying the further payment of benefits to plaintiff.
When an insurer chooses to resist liability based on a supposed defense, which a reasonable investigation would have proved to be without merit, it will be liable for statutory penalties. Bamburg v. American Security Life Insurance Co., 241 So.2d 606 (La.App. 2 Cir. 1970); and Morein v. American Physicians Insurance Co., 192 So.2d 887 (La.App. 3 Cir. 1966).
We agree with the conclusions reached by the trial judge in this case that defendant did not have just and reasonable grounds upon which to delay the payment of benefits for more than 30 days after it received substantial and uncontradicted *479 proof that plaintiff had been continuously and totally disabled as the result of the accident. We thus affirm that part of the trial court's judgment which condemns defendant to pay penalties and attorney's fees.
In our opinion the trial court correctly computed the benefits and the penalties which plaintiff is entitled to recover.
We have considered the amount which the trial judge awarded as attorney's fees and find that the award is fair and adequate, for the efficient services rendered by plaintiff's counsel, including the services rendered in connection with this appeal. The award thus will not be disturbed.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.